## COMMONWEALTH *versus* CHARLES GRIFFIN.

By the Revised Stat. *c.* 127, it is enacted, in § 15, that any person having in his possession ten or more pieces of counterfeit coin, with the criminal intent to utter them as true, shall be punished by imprisonment for life, &c., and in § 16, that any person having less than ten pieces, shall be punished by imprisonment not more than ten years, &c. It was *held*, upon an indictment on this statute, charging the defendant with having more than ten pieces, that proof of his having less than ten would warrant a conviction, and that the convict might be sentenced under the 16th section of the statute.

THE defendant was indicted for having " in his possession, at the same time, more than ten pieces of false money and coin. counterfeited &c., to wit, one hundred pieces of such false coin, knowing the same to be false and counterfeit, and with intent to utter and pass the same as true, &c. contrary to the

form, force and effect of the statute in such case made and provided."

At the trial, before *Putnam* J., a verdict was returned by consent, finding the defendant "guilty of having in his possession *four* counterfeit pieces of coin, called half dollars, or sometimes called fifty cent pieces, knowing the same to be counterfeit, with intent to utter and pass the same as true, and not guilty of the residue."

The defendant moved that he might be discharged, because the verdict was in effect and law a verdict of not guilty ; he also moved that the clerk, for the same reason, be ordered to re cord the verdict as a verdict of not guilty ; and he further moved for a new trial, because the jury were not authorized to find a verdict of guilty for having less than ten pieces of false money

The Revised Statutes provide, in *c.* 127, § 15, that every person who shall have in his possession, at the same time, ten or more pieces of false money, or coin counterfeited in the similitude of any gold or silver coin, current by law or usage, within this State, knowing the same to be false and counterfeit, and with intent to utter or pass the same as true, shall be punished by imprisonment in the state prison for life, or for any term of years ; and in § 16, that every person, who shall have in his possession any number of pieces less than ten, shall be punished by imprisonment in the state prison not more than ten years, or by fine and imprisonment in the county jail.

*March 8th.*　　*Wheelock,* in support of the motion, argued that the two sections of the statute created two distinct offences, annexing to each its appropriate punishment ; and that the indictment was upon the 15th section, for having in possession ten or more pieces of false money, and that it was not sustained by proof of the less offence described in the 16th section.　Roscoe on Crim. Evid. 74 ; *Lambert* v. *The People,* 9 Cowen, 586, 609 ; 2 Hale's P. C. 169 ; *Commonwealth* v. *Pray,* 13 Pick. 363 ; Declaration of Rights, *art.* 12 ; *Commonwealth* v. *Symons,* 2 Mass. R. 164 ; *The People* v. *Wright,* 9 Wendell, 193.

*Austin,* Attorney-General, cited *Rex* v. *Dawson,* 3 Stark. R. 62 ; *Rex* v. *Evans,* 3 Stark. R. 35 ; Lewin's Crown Rep. 16.

SHAW C. J. delivered the opinion of the Court. It is argued for the defendant, that as the indictment avers his guilty possession of one hundred pieces of counterfeit coin, this averment must be proved as laid ; and that proof of the like guilty possession of four pieces is not sufficient to warrant a conviction. It is further insisted, that he cannot be convicted on the 15th section of the statute, because he is not proved to have had in his possession ten pieces or over ; and that he cannot be convicted on the 16th as having less than ten pieces, because the indictment is framed on the 15th, charging him with having more than that number.

The Court are all of opinion, that neither of these objections can prevail. As to the first, although the general rule is, that every material averment must be proved, yet it by no means follows, that it is necessary to prove the offence charged, to the whole extent laid. It is quite sufficient to prove so much of the charge as constitutes an offence punishable by law. " It is invariably enough (says Lord *Ellenborough* in *Rex* v. *Hunt*, 2 Campb. 585) to prove so much of the indictment as shows that the defendant has committed a substantive crime therein specified." The substance of the crime in the case before us, is the possession of counterfeit coin, with the guilty knowledge and intent indicated, and this is a substantive offence, whether the number of pieces be over or under ten. The party was therefore found guilty of the offence stated, though not to the extent laid in the indictment. *Rex* v. *Ellins*, Russell & Ryan, 188.

As to the other objection, that the defendant cannot be sentenced upon either section of the statute, we think it is founded upon a mistake of the law. It is not necessary, in an indictment upon a statute, to indicate the particular section or even the particular statute upon which it is founded. It is only necessary to set out in the indictment such facts as bring the case within the provisions of some statute, which was in force when the act was done, and also when the indictment was found. And if the facts, properly laid in the indictment and found by the verdict, show that the act done was a crime punishable by statute, it is sufficient to warrant the court in rendering a judgment.

Common-
wealth
*v.*
Griffin.

This indictment is sufficient, because charging the defendant with having a hundred pieces of coin, is charging him with having every smaller number included in the larger number. It is charging him with an offence which may be punishable under either section of the statute, according to the proof. It being competent for the jury, under the rule above stated, to find any number under one hundred, they have rightly found four. It is then well charged, and found by the jury, that the defendant is guilty of the offence punishable by the 16th section of the statute.

The Court can perceive no good ground to distinguish this from the common case of larceny. The statute distinguishes in the punishment, between stealing goods over and under the value of one hundred dollars. We think it is the constant practice, where the value laid is over one hundred dollars, to permit the jury, if they find the larceny proved in all other respects, but the value under one hundred dollars, so to specify in their verdict, and then the convict is sentenced in the same manner as if the indictment had laid the value under one hundred dollars.

*Motion overruled.*